```
                                                    FILED
                                                2011 MAY 24 P 12: 21
                                                  RICHARD W. WIEKING
                                              CLERK, U.S. DISTRICT COURT
                                             NORTHERN DISTRICT OF CALIFORNIA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BLUITT,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL, Warden,<br><br>    Respondent. | No. C 09-3994 JW (PR)<br><br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at Mule Creek State Prison in Ione, California, has filed a pro se amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a criminal judgment from Alameda County superior court. Doc. #22.

**BACKGROUND**

According to the amended petition, petitioner was convicted of two counts of lewd acts on a child and one count of continuous sexual abuse of a minor and was sentenced to eighteen years in state prison. Doc. #22 at 2. Petitioner filed for habeas relief in the state courts, with the California Supreme Court denying relief on

March 30, 2011. Doc. #19 at 24. Petitioner filed the instant federal amended habeas petition on May 3, 2011. Doc. #22.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

Petitioner raises the following grounds for federal habeas relief: (1) the trial court erred in excusing three African American jurors for cause; (2) the trial court erred in instructing the jury; (2) the trial court erred in admitting certain evidence; (3) the prosecutor failed to disclose favorable evidence; (4) there was insufficient evidence to support the convictions; (5) trial counsel had a conflict of interest in representing petitioner (6) trial counsel was ineffective; (7) petitioner's trial suffered from cumulative error that warrants relief; and (8) appellate counsel was ineffective. Doc. #22 at 6–18. Liberally construed, these claims are sufficient to merit an answer from respondent.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the amended petition and all attachments thereto (Doc. #22) on respondent and

2

respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2.     Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3.     In lieu of an answer, respondent may file a motion to dismiss on procedural grounds as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

//
//
//
//
//
//
//
//

4.  Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

IT IS SO ORDERED.

DATED: May 17, 2011

JAMES WARE
United States District Chief Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GREGORY BLUITT,

    Plaintiff,

v.

MICHAEL MARTEL et al,

    Defendant.
    _____/

Case Number: CV09-03994 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gregory P. Bluitt V-65548
MCSP
B Gym 128L
P.O. Box 409040
Ione, CA 95640

Dated: May 24, 2011

    Richard W. Wieking, Clerk
    By: Frank Justiliano, Deputy Clerk