**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BLUITT,<br><br>    Petitioner,<br><br>vs.<br><br>MICHAEL MARTEL, Warden,<br><br>    Respondent. | No. C 09-3994 JW (PR)<br><br>ORDER DIRECTING PETITIONER TO FILE TRAVERSE; DENYING REQUEST FOR DISCOVERY; DENYING REQUEST FOR EVIDENTIARY HEARING<br><br>Doc. ## 31, 33, 34 & 35 |

On October 7, 2011, the Court granted Petitioner's request for an extension of time to file a traverse, giving Petitioner until November 21, 2011 to do so. Doc. #32. To date, Petitioner has not filed a traverse. He has, however, filed various documents with the Court. See Doc. ## 31, 33, 34 & 35. Two of the filed documents are "objections" to "Respondent's Omission of Crucial Lodging of Exhibits" and essentially amount to a request for discovery. See Doc. ## 33 & 35. One document is a copy of a letter Petitioner sent to the Alameda County District Attorney requesting verification of certain details regarding Petitioner's plea offer. Doc. #34. Another document, liberally construed, is a request for an evidentiary hearing. See Doc. #31. None of these documents amount to a traverse to

Respondent's answer, which was filed on September 14, 2011. See Doc. #29.

In the interest of providing Petitioner clarity and direction and preventing this action from further stalling, the Court now orders as follows:

1. Petitioner is hereby directed to file a traverse **by no later than December 30, 2011**.

2. Petitioner's requests for discovery (Doc. ## 33 & 35) are **DENIED** for lack of good cause. See Bracy v. Gramley, 520 U.S. 899, 908-09, quoting Harris v. Nelson, 394 U.S. 286, 299 (1969) (good cause for discovery under Rule 6(a) of the Federal Rules Governing Section 2254 Cases is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'"); Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005).

3. Petitioner's request for an evidentiary hearing (Doc. #31) also is **DENIED** without prejudice as premature. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, express limitations are imposed on the power of a federal court to grant an evidentiary hearing. Under AEDPA, a district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless the petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2).

Even if a prisoner is able to clear the hurdle posed by § 2254(e)(2), "the fact that a hearing would be permitted does not mean that it is required." Downs v.

Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000). Rather, the district court retains discretion whether to hold an evidentiary hearing or to expand the record with discovery and documentary evidence. Williams v. Woodford, 384 F.3d 567, 590 (9th Cir. 2004). This permissible intermediate step may avoid the necessity of an expensive and time consuming hearing in every habeas corpus case. Id. at 590-91.

Here, as a threshold matter, Petitioner has not alleged why he is entitled to an evidentiary hearing under § 2254(e)(2). He does not assert that his claim relies on a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, nor does he allege that the factual predicate of his claim could not have been previously discovered through the exercise of due diligence. Petitioner is advised that the Court will order an evidentiary hearing on its own motion if, upon consideration of the merits of Petitioner's claims, one is required.

IT IS SO ORDERED.

DATED: December 8, 2011

JAMES WARE
United States District Chief Judge

G:\PRO-SE\JW-SF\HC-09\Bluitt-09-3994-directing P to file traverse.wpd

3